## Sixth National Bank v. Thompson.

*Husband and wife—Joint promissory note—Affidavit of defence.*

In an action on a promissory note executed by husband and wife against the widow as executrix of her husband and as an individual, an affidavit of defence averring that she was an accommodation maker is sufficient to prevent judgment against her in either character.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 6185.

*J. Dickey, Jr.,* for plaintiff; *W. H. Peace,* for defendant.

MARTIN, P. J., Oct. 10, 1922.—Suit was instituted on a promissory note executed by Walter Thompson and Isabella Thompson, his wife. It was discounted by plaintiff.

Walter Thompson died, leaving a will bequeathing his property to his wife and appointing her executrix.

The parties defendant in this case are Isabella Thompson, individually, Isabella Thompson, executrix of the estate of Walter Thompson, deceased, and Isabella Thompson, devisee under the will of Walter Thompson, deceased.

As executrix of her husband's estate, she filed an affidavit of defence admitting the execution of the note by her husband and herself, but averring that she was a married woman and an accommodation maker, and that plaintiff had notice of that fact at the time the note was discounted.

2 D. & C.

Without a discontinuance as to the other joint defendants, change or amendment in the record, plaintiff entered the rule for judgment against Isabella Thompson, executrix, for want of a sufficient affidavit of defence.

The record presents a joint suit against the husband's estate and the wife individually and also as executrix. The defence, if proved, will destroy the joint liability; but there has been no release of Isabella Thompson, nor has a *nol. pros.* been entered as to her.

Until settlement of the decedent's estate, it cannot be determined that the rights of creditors may not be affected by charging the estate with the entire amount of the joint obligation.

Judgment against the estate of the decedent alone should not be entered in a joint suit in which the wife is also a defendant. Rule discharged.